WILLIAM WASHBURN *vs.* COMMONWEALTH.

Suffolk. March 27. — April 1, 1884. DEVENS & COLBURN, JJ., absent.

Under the Gen. Sts. *c.* 5, § 9, and the St. of 1877, *c.* 181, a joint standing committee of the Legislature, appointed under the former statute, has no authority to contract debts on behalf of the Commonwealth, not having been empowered so to do by order of the two branches of the Legislature.

PETITION to the Superior Court, under the Pub. Sts. *c.* 195, to recover $8073, for services rendered in making plans, specifications, and estimates of cost for proposed improvements in the State House. Trial before *Gardner, Staples,* and *Blodgett,* JJ., who allowed a bill of exceptions, in substance as follows :

The petitioner, who was an architect and builder, offered evidence tending to show that he had been employed by the joint standing committee on the State House of the General Court for the year 1878, acting under the Gen. Sts. *c.* 5, § 9; but it did not appear that the expense thereof was duly authorized by order of the two branches of the Legislature, or by any provision of the St. of 1877, *c.* 181. The petitioner offered evidence, from which it appeared that the plans, specifications, and estimates were suitable and necessary to enable the members of the committee, and other persons not skilled in architecture and building, to see and understand the capacity of the State House for improvement and enlargement within and upon the old walls, so as to furnish additional rooms and conveniences for the state government, and to enable the members of the

committee and of the General Court to determine whether the proposed improvements would injure the external appearance of the building or impair the utility of any part thereof, and to enable the committee to report an estimate of the expense. It also appeared that the plans, specifications, and estimates were in all respects proper and necessary for use in making the improvements, whenever the same should be provided for by the General Court, and would thus save so much of the expense of construction.

The court ruled that said committee had no authority under the Gen. Sts. *c.* 5, § 9, and under the St. of 1877, *c.* 181, to employ the petitioner, and thereby charge the Commonwealth for such services; and found and ordered judgment for the Commonwealth. The petitioner alleged exceptions.

*G. W. Park*, for the petitioner.

*F. J. Stimson*, Assistant Attorney General, (*E. J. Sherman*, Attorney General, with him,) for the Commonwealth.

BY THE COURT. The Gen. Sts. *c.* 5, § 9, did not, by implication, give to a joint standing committee appointed under it authority to contract debts on behalf of the Commonwealth. If it did, it would be controlled by the St. of 1877, *c.* 181, which expressly provides that "no joint committee of the Legislature shall, in the performance of its duties, incur any expense to be paid by the Commonwealth unless duly authorized by order of the two branches."

Under these statutes, it is clear that the petitioner cannot maintain his petition.                    *Exceptions overruled.*